UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11782-RGS

DAVID BEAULIEU, LISA BEAULIEU,
MARIO BEAULIEU, SR., and
TANYA WARREN

v.

CITY OF LAWRENCE, et al

ORDER ON DEFENDANTS' MOTION
TO BIFURCATE TRIAL

May 17, 2011

STEARNS, D.J.

The motion to bifurcate the trial of the claims against the individual defendants from the claims against the municipality and defendants who are named in their official capacities will be ALLOWED. The court is cognizant of the fact that at least four federal civil rights cases are pending in this court (three in this session) involving a single police officer defendant (Wilcox) as their catalyst. One of these cases (*Alicea*) has been resolved by a verdict favorable to the plaintiff on the claims against Wilcox personally. For reasons of judicial economy, it makes sense to sort out all claims of individual liability and then, if necessary, convene a single trial involving all successful

plaintiffs on the issue of *Monell* liability.[1] The court notes that plaintiffs have stipulated to the dismissal of all claims against former Mayor Michael Sullivan. The court will further dismiss all claims against Chief John Romero in his official capacity as the Second Amended Complaint (as corrected) pleads no facts against Romero personally that suggest "a plausible entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

ORDER

For the foregoing reason, defendants' Motion to Bifurcate Trial is <u>ALLOWED</u>. The Court further orders that consistent with the parties' stipulation, all claims against Michael Sullivan are <u>DISMISSED</u> with prejudice. All claims against Chief John Romero are also <u>DISMISSED</u> by the court insofar as he is named in his individual capacity.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[1] As in the *Alicea* matter, this is not a case where an exception to the *Heller* rule might apply. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (verdict in favor of defendant officer on plaintiff's excessive force claim precluded liability on the part of his supervisors and employer).

[2] The court assumes that this was the intent of the Stipulation of Dismissal filed by the parties, but the wording of the Stipulation with regard to Chief Romero is less than clear.